UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
AJAB M. WOODSON,

                           Plaintiff,

         -against-

DR. HENNING, Head Doctor; SHERIFF ANTHONY
LAROCCO, Jail Administrator; NASSAU UNIVERSITY
MEDICAL CENTER, NASSAU COUNTY
CORRECTIONS, and NASSAU COUNTY
CORRECTIONAL FACILITY,

                          Defendants.
-----------------------------------------------------------------------X

For Online Publication Only

**ORDER**
23-CV-6647(JMA)(LGD)

FILED
CLERK
11:40 am, Nov 27, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**AZRACK, District Judge:**

      Before the Court is the civil rights complaint filed by incarcerated *pro se* Plaintiff Ajab B. Woodson pursuant to 42 U.S.C. § 1983 ("Section 1983") against Dr. Hennig, who is alleged to be the "head doctor" at the Nassau County Correctional Center (the "Jail"); Sheriff Anthony LaRocco ("Sheriff LaRocco"), Nassau University Medical Center ("NUMC"), Nassau County Corrections ("NCC"), and the Jail[1] (collectively, "Defendants"). (ECF No. 1. ("Compl.")) Plaintiff also filed a motion to proceed *in forma pauperis* ("IFP") and the required Prisoner Litigation Authorization form ("PLA"). (See ECF No. 4 (IFP); ECF No. 5 (PLA).) Upon review of the declaration accompanying Plaintiff's IFP application, the Court finds that Plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a)(1). Accordingly, for the reasons that follow, the Court grants Plaintiff's IFP application and *sua sponte* dismisses the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1) without prejudice and with leave to file an amended complaint.

---

[1]     The Court notes that Plaintiff improperly names the Jail as the Nassau County Correctional *Facility* instead of the Nassau County Correctional *Center*.

## I.     BACKGROUND

All material allegations in the complaint are assumed to be true for the purpose of this Order.   See, e.g., Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

Plaintiff's brief, handwritten complaint is brought pursuant to Section 1983 and alleges that he is a pre-trial detainee at the Jail who, from March 16, 2023 to the present, was denied adequate medical care.   (See Compl. at 3, 6-7.)   Plaintiff alleges that he arrived at the Jail from South Nassau Hospital, where his broken right arm was stitched and bandaged.   (Id. at 4.) Once at the Jail, Plaintiff was reportedly placed in a community tier, rather than the medical unit, and remained there for approximately three days.   (Id.)   Plaintiff asserts that he was not seen by a doctor or other medical staff and did not receive any wound care until he was moved to the medical tier approximately 96 hours after he arrived at the Jail.   (Id.)   Plaintiff alleges that he was placed in an "unsanitary" four-person cell for one and a half months even though his wound "smell[ed]" and caused swelling and pain.   (Id.)   Plaintiff asserts that he received an oral antibiotic but did not receive new bandages or moisture-proof dressings during that time.   (Id.) Plaintiff further alleges that, once the course of antibiotics ended, he experienced "extreme swelling, agonizing pain and bleeding [with] puss drainage" for which he received a "new antibiotic" but was "left to tough it out in general population."   (Id.)   Plaintiff acknowledges that the infection resolved but claims his "broken arm never healed correctly."   (Id.)

Plaintiff alleges that the "poor diagnosis" and "neglect" allowed the infection to cause bone and tissue damage that rendered his right arm "disabled."   (Id.)   For relief, Plaintiff seeks,

2

among other things, a damages award of $2 million. (Id. at 5.)

## II. DISCUSSION

### A. *In Forma Pauperis* Application

Upon review of Plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that Plaintiff is qualified to commence this action without prepayment of the filing fee. 28 U.S.C. § 1915(a)(1). Therefore, Plaintiff's application to proceed *in forma pauperis* (ECF No. 4) is granted.

### B. Standard of Review

The Prison Litigation Reform Act requires a district court to screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(b)(1). Similarly, pursuant to the *in forma pauperis* statute, a court must dismiss an action if it determines that it "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court must dismiss the action as soon as it makes such a determination. 28 U.S.C. § 1915A(b).

*Pro se* submissions are afforded wide interpretational latitude and should be held "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972) (per curiam); see also Boddie v. Schnieder, 105 F.3d 857, 860 (2d Cir. 1997). In addition, the Court is required to read a *pro se* plaintiff's complaint liberally and interpret it as raising the strongest arguments it suggests. United States v. Akinrosotu, 637 F.3d 165, 167 (2d Cir. 2011) (per curiam); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009).

The Supreme Court has held that *pro se* complaints need not even plead specific facts;

3

rather the complainant "need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 93 (2007) (internal quotation marks and citations omitted); see also FED. R. CIV. P. 8(e) ("Pleadings must be construed so as to do justice."). However, a *pro se* plaintiff must still plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. at 678. While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Id. at 678 (quoting Twombly, 550 U.S. at 555).

**C.    Section 1983**

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979); see Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). In order to state a § 1983 claim, a plaintiff must allege two essential elements. First, the conduct challenged must have been "committed by a person acting under color of state law." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010)

(quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (internal quotation marks and citation omitted)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Cornejo, 592 F.3d at 127 (quoting Pitchell, 13 F.3d at 547); see also Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999).

### 1. Personal Involvement

In an action brought pursuant to Section 1983, a plaintiff must allege the personal involvement of each defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (citing Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). An "individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority.'" Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). Instead, "a plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution" or laws of the United States. Tangreti v. Bachmann, 983 F.3d 609, 618 (2d Cir. 2020) (quoting Iqbal, 556 U.S. at 676). A Section 1983 claim that fails to allege the personal involvement of the defendant is deficient as a matter of law. See Johnson v. Barney, 360 F. App'x 199, 201 (2d Cir. 2010).

Here, although Plaintiff names Sheriff LaRocco and Dr. Hennig as defendants, the Complaint asserts no factual allegations of conduct or inaction attributable to either individual. Indeed, apart from the caption and at page two of the Complaint where Plaintiff identifies the parties, neither of these defendants are mentioned in the body of the Complaint. See generally

5

Compl. Affording the *pro se* Complaint a liberal construction, Plaintiff has not plausibly alleged Sheriff LaRocco or Dr. Hennig were personally involved in any wrongdoing. See Tangreti, 983 F.3d at 619-20 (confirming that there is no "special test for supervisory liability" and dismissing Section 1983 claim against defendant because she was not personally involved in the subject wrongdoing). Therefore, Plaintiff's claims against the individual defendants, Sheriff LaRocco and Dr. Hennig, are implausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) (B)(i)-(ii), 1915A(b)(1).

### 2. Claims Against the Jail and NCC

Although Plaintiff names the Jail and NCC, these defendants are non-suable entities and are each merely an administrative arm of the municipality, Nassau County. "'Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued.'" Eckert v. Toulon, No. 21-CV-02650, 2022 WL 74158, at *4 (E.D.N.Y. Jan. 6, 2022) (quoting Rose v. Cnty. of Nassau, 904 F. Supp. 2d 244, 247 (E.D.N.Y. 2012)); see Gleeson v. County of Nassau, No. 15-CV-6487, 2019 WL 4754326, at *14 (E.D.N.Y. Sept. 30, 2019) (finding the Jail and Nassau County Sheriff's Department were not proper parties because they are administrative arms of Nassau County). Therefore, Plaintiff's claims against the Jail and NCC fail to state a plausible claim and are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).

### 3. Claims Liberally Construed Against Nassau County and Against NUMC

In light of Plaintiff's *pro se* status, the Court also considered whether Plaintiff alleged a plausible claim when liberally construing the Complaint as against Nassau County. For the reasons that follow, it does not. And, for the same reasons set forth below, Plaintiff's claim

6

against NUMC fails.[2]

It is well-established that municipalities, such as Nassau County and NUMC, may be liable under Section 1983 only if the "plaintiff proves that action pursuant to official . . . policy of some nature caused a constitutional tort." Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978); see also Patterson v. Cnty. of Oneida, 375 F.3d 206, 226 (2d Cir. 2004). Thus, to impose liability on a municipality, the plaintiff must prove that a municipal policy or custom caused a deprivation of the plaintiff's rights. See, e.g., Wimmer v. Suffolk Cnty. Police Dep't, 176 F.3d 125, 137 (2d Cir. 1999).

"To establish the existence of a municipal policy or custom, the plaintiff must allege (1) the existence of a formal policy officially endorsed by the municipality, (2) actions taken or decisions made by an official with final decision making authority, (3) a practice so persistent and widespread that it constitutes a custom, or (4) a failure by policymakers to properly train or supervise their subordinates, amounting to a 'deliberate indifference' to the rights of those who come in contact with the municipal employees." Barnes v. Cnty. of Nassau, No. 23-CV-0777, 2023 WL 3931714, at *4 (E.D.N.Y. June 9, 2023) (citing Davis v. Lynbrook Police Dep't, 224 F. Supp. 2d 463, 478 (E.D.N.Y. 2002)). "[A] single incident in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998).

Here, even affording the *pro se* complaint a liberal construction, there are no factual

---

[2] NUMC is a part of the Nassau County Health Care Corporation ("NCHCC"), which "is a Public Benefit Corporation created by the New York State Legislature." Johnson v. Cnty. of Nassau, 480 F. Supp. 2d 581, 588 (E.D.N.Y. Mar. 15, 2007). "Public benefit corporations, such as the NHCC, are municipal entities for the purpose of Section 1983." See, e.g., McIntyre v. NuHealth-Nassau Univ. Med. Ctr., 11-CV-3934, 2011 WL 4434227 at *1, n. 4 (E.D.N.Y. Sept. 19, 2011) (citing McGrath v. Nassau Health Care Corp., 217 F. Supp. 2d 319, 330 (E.D.N.Y. 2002) ("Public benefit corporations are governmental entities for Section 1983's purposes.")).

7

allegations from which the Court may reasonably infer that the conduct or inaction of which Plaintiff complains was caused by some policy or custom of Nassau County or NUMC.  Santos v. New York City, 847 F. Supp. 2d 573, 576 (S.D.N.Y. 2012) ("[A] plaintiff must allege facts tending to support, at least circumstantially, an inference that such a municipal policy or custom exists.").  Accordingly, Plaintiff has not alleged a plausible Section 1983 claim against Nassau County or NUMC and such claims are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1).  Moreover, Plaintiff has not adequately alleged a constitutional deprivation for the following reasons.

### 4. Deliberate Indifference Claims

The Court construes Plaintiff's allegations to assert that the Defendants were deliberately indifferent to: (1) the conditions of Plaintiff's confinement that posed a serious threat to his health or safety; and (2) Plaintiff's need for adequate medical care.  Given that Plaintiff alleges that he was a pretrial detainee at the time the events allegedly occurred (see Compl. at 4), his deliberate indifference claims arise under the Fourteenth Amendment.  See, e.g., Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017) ("A pretrial detainee's claims of unconstitutional conditions of confinement are governed by the Due Process Clause of the Fourteenth Amendment . . . ."); Murrell v. Sheron, No. 21-CV-6576, 2023 WL 1970487, at *5 (W.D.N.Y. Feb. 13, 2023) ("[T]he Fourteenth Amendment's Due Process Clause . . . protects pretrial detainees from inadequate medical care. . . ." (internal quotation marks and citation omitted)).

#### a. Conditions of Confinement Claim

To state a Fourteenth Amendment claim under Section 1983 arising from a pretrial detainee's conditions of confinement, "a plaintiff must satisfy both an objective prong and a subjective prong."  Allen v. Stringer, No. 20-CV-3953, 2021 WL 4472667, *1 (2d Cir. Sept. 30,

8

2021) (citing Darnell, 849 F.3d at 29). "The objective prong requires 'showing that the challenged conditions were sufficiently serious to constitute objective deprivations of the right to due process,' while the subjective prong requires 'showing that [an] officer acted with at least deliberate indifference to the challenged conditions.'" Id. (quoting *Darnell*, 849 F. 3d at 29). Where, like here, "a conditions-of-confinement claim is predicated on an unsafe condition, a court will analyze 'whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk.'" Id. (quoting Helling v. McKinney, 509 U.S. 25, 36 (1993)). The Court considers whether the challenged condition was "inherently dangerous" from the perspective of a reasonable officer on the scene, and "hindsight cannot inform [the] analysis." Holder v. Wright, No. 19-CV-782, 2021 WL 3374732, at *3 (D. Conn. Aug. 3, 2021) (citing Kingsley v. Hendrickson, 576 U.S. 389, 397 (2015)), appeal dismissed, (Aug. 23, 2022).

      Here, Plaintiff's conclusory allegation that the Jail was "unsanitary" fails to sufficiently allege an inherently dangerous condition at the Jail. Similarly, wholly absent are any facts demonstrating that prison officials acted with deliberate indifference to the challenged condition. As noted above, Plaintiff does not include any allegations of conduct or inaction attributable to any defendant, making it impossible to find the requisite intent. See Garland v. City of New York, No. 22-CV-10947, 2023 WL 2898625, at *3 (S.D.N.Y. Apr. 10, 2023) ("[A]ny § 1983 claim for a violation of due process requires proof of a *mens rea* greater than mere negligence." (quoting Darnell, 849 F.3d at 36)); see also Feliz v. Westchester Dep't of Corr. (Valhalla), No. 20-CV-6392, 2020 WL 5096005, at *4 (S.D.N.Y. Aug. 27, 2020) ("The allegations are insufficient to allege plausibly [a conditions-of-confinement claim] because the plaintiff has, at most, alleged that various defendants were negligent in failing to correct conditions, not that any

9

defendant obdurately and wantonly refused to remedy a specific risk to the plaintiff." (internal quotations omitted)). Accordingly, Plaintiff's Section 1983 claims challenging the constitutionality of the conditions of his confinement are not plausible and are thus dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(b)(i)-(ii), 1915A(b).

### b. Inadequate Medical Care Claim

To state a Fourteenth Amendment claim for deliberate indifference to medical needs, a detainee "must meet two requirements: (1) that Plaintiff[ ] had a serious medical need . . . , and (2) that the Defendants acted with deliberate indifference to such needs." Charles v. Orange Cnty., 925 F.3d 73, 86 (2d Cir. 2019) (first citing Estelle v. Gamble, 429 U.S. 97, 105 (1976); and then citing Darnell, 849 F.3d at 29). A detainee's medical need is "sufficiently serious" where it "contemplates a condition of urgency such as one that may produce death, degeneration, or extreme pain." Id. (citing Hathaway v. Coughlin, 99 F.3d 550, 553 (2d Cir. 1996)). To satisfy the deliberate indifference requirement, a pretrial detainee "can allege either that the defendants knew [or that they should have known] that failing to provide the complained of medical treatment would pose a substantial risk to his health." Id. at 87 (emphasis removed). On this point, the Second Circuit recently explained that

> "mere medical malpractice is not tantamount to deliberate indifference." Charles v. Orange County, 925 F.3d 73, 87 (2d Cir. 2019) (quoting Cuoco v. Moritsugu, 22 F.3d 99, 107 (2d Cir. 2000)). Instead, a plaintiff must demonstrate, "at a minimum," that the defendant provided deficient medical treatment with "culpable recklessness ... that evinces a conscious disregard of a substantial risk of serious harm" to his health. *Darby v. Greenman*, 14 F.4th 124, 128 (2d Cir. 2021).

Swinton v. Livingston Cnty., No. 21-1434, 2023 WL 2317838, at *2 (2d Cir. Mar. 2, 2023).

Here, even if Plaintiff had alleged a Defendant's personal involvement, Plaintiff's sparse allegations do not satisfy either prong of a plausible deliberate indifference to medical needs

10

claim. As is readily apparent, Plaintiff's allegations challenging the care he received are insufficient given the Second Circuit's longstanding holding that "mere disagreement over the proper treatment does not create a constitutional claim." Id. at *2 (quoting Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)). Indeed, "the fact that an inmate might prefer an alternative treatment, or feels that he did not get the level of medical attention he preferred" does not itself substantiate a Section 1983 inadequate medical care claim. Morales v. Fischer, 46 F. Supp. 3d 239, 252 (W.D.N.Y. 2014) (quoting Joyner v. Greiner, 195 F. Supp. 2d 500, 504-05 (S.D.N.Y. 2002)); Sonds v. St. Barnabas Hosp. Corr. Health Servs., 151 F. Supp. 2d 303, 311 (S.D.N.Y. 2001) (citing Dean v. Coughlin, 804 F.2d 207, 215 (2d Cir. 1986)). Further, even assuming that Plaintiff's allegation of "agonizing pain" rendered his medical condition "sufficiently serious," wholly absent are any allegations suggesting that any Defendant acted with the requisite state of mind. Thus, Plaintiff has not alleged a plausible Section 1983 claim arising from the medical treatment received and such claims are dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii), 1915A(b)(1).

**5. State Law Claims**

Having dismissed Plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims that may be construed from the complaint, including any negligence claim. Such claims are properly brought in state court. See Sylla v. City of New York, 04-CV-5692, 2005 WL 3336460, *8 (E.D.N.Y. Dec. 8, 2005) ("[I]f the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." (citing Castellano v. Bd. of Trustees, 937 F.2d 752, 758 (2d Cir. 1991)).

### D.     Leave to Amend

A *pro se* plaintiff should ordinarily be given the opportunity "to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Shomo v. City of New York, 579 F.3d 176, 183 (2d Cir. 2009) (internal quotation marks omitted). Indeed, a *pro se* plaintiff who brings a civil rights action "should be 'fairly freely' afforded an opportunity to amend his complaint." Boddie v. N.Y. State Div. of Parole, No. 08-CV-911, 2009 WL 1033786, at *5 (E.D.N.Y. Apr. 17, 2009) (quoting Frazier v. Coughlin, 850 F.2d 129, 130 (2d Cir. 1988)). Yet while "*pro se* plaintiffs are generally given leave to amend a deficient complaint, a district court may deny leave to amend when amendment would be futile." Id. (internal quotation marks and citation omitted).

The Court has carefully considered whether Plaintiff should be granted leave to amend his complaint. In light of Plaintiff's *pro se* status, the Court grants him leave to amend the complaint in accordance with this Order. Plaintiff's amended complaint must be labeled as an "amended complaint," bear the same docket number as this Order, 23-CV-6647 (JMA)(LGD), and must be filed within thirty (30) days from the date of this Order. Plaintiff is advised that an amended complaint completely replaces the original complaint, so Plaintiff must include all allegations he wishes to pursue against each proper Defendant named in the amended complaint. Further, if Plaintiff does not file an amended complaint within the time allowed, absent a showing of good cause, judgment shall enter, and this case shall be closed.

### III.     CONCLUSION

For the forgoing reasons, the Plaintiff's application to proceed *in forma pauperis* is granted. However, Plaintiff's Section 1983 claims are *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii) and 1915A(b)(1) for failure to state a claim for

12

relief.   The Court declines to exercise supplemental jurisdiction over any state law claims that may be construed from the complaint.   Plaintiff is also granted leave to file an amended complaint in accordance with this Order within thirty (30) days from the date of this Order.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.   See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court shall mail a copy of this Order to the Plaintiff at his last known address and note such mailing on the docket.

**SO ORDERED.**                                              ____/s/ (JMA)_____
                                                                         Joan M. Azrack
Dated:   November 27, 2023                         United States District Judge
           Central Islip, New York